Case 4:20-cv-01788   Document 25   Filed on 07/13/20 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATEX CONSTRUCTION COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-1788 |
| NEXUS GAS TRANSMISSION, LLC, | § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Latex Construction Company's ("Plaintiff's") Motion to Remand ("Motion") [Doc. # 15] this case to state court. Defendant Nexus Gas Transmission, LLC ("Defendant") has timely responded,[1] and Plaintiff has replied.[2] The Motion is ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authorities, the Court **denies** Plaintiff's Motion.

---

[1] Defendant Nexus Gas Transmission, LLC's Opposition to Plaintiff's Motion to Remand [Doc. # 19] ("Defendant's Opposition").

[2] Plaintiff's Reply in Support of Motion to Remand [Doc. # 22] ("Plaintiff's Reply").

P:\ORDERS\1-2020\1788.Remand.docx   200713.1543

## I. BACKGROUND

Plaintiff sued Defendant in Texas state court on May 15, 2020 for breach of contract.[3] Plaintiff seeks monetary relief of at least $1,000,000, plus interest, costs, and attorneys' fees.[4] Plaintiff is a Georgia corporation with its principal place of business in Georgia.[5] Defendant is a Delaware limited liability company which, through its corporate structure, is a citizen of Texas.[6] None of the corporations, individuals, or entities with an interest in Defendant is a citizen of or maintains a principal place of business in Georgia.[7] Thus, there is complete diversity among the parties.

Defendant does not maintain a registered agent in Texas and declined to waive formal service of process. Plaintiff therefore was required to make service through

---

[3] Plaintiff's Original Petition, filed in the 270th Judicial District Court for Harris County, Case No. 20-29663 [Doc. # 1-2] ("State Court Petition").

[4] *Id.* ¶ 3.

[5] Notice of Removal of Action under 28 U.S.C. § 1441 [Doc. # 1] ("Notice of Removal") ¶ 5.

[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of [an] LLC is determined by the citizenship of all of its members."). The Court has confirmed this claim of citizenship from the comprehensive disclosures of the membership of Defendant, an LLC, its members, those entities' members, and related general and limited partners. .

[7] Notice of Removal ¶ 9.

the Texas Secretary of State.[8]  The parties mediated the matter on May 21, 2020, but were unable to resolve the dispute.[9]  On May 22, 2020, Defendant removed the case to this Court.[10]  The Texas Secretary of State received service on behalf of Defendant on June 1, 2020.[11]  Plaintiff filed its Motion to Remand on June 19, 2020.[12]

## II.  **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought if the district

---

[8] *See* Declaration of R. Lee Mann III [Doc. # 15-1] ("Mann Decl.") ¶ 8; *see also* Fed. R. Civ. P. 4(d) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.").

On May 19, 2020, Plaintiff asked if Defendant's counsel would accept service on Defendant's behalf.  Mann Decl. ¶¶ 5-8.  Defendant's counsel declined, explaining he was not authorized by Defendant to do so.  Declaration of Julie Hardin [Doc. # 19-1] ("Hardin Decl.") ¶ 5.  On May 21, 2020, Plaintiff filed a Request for Issuance of Service with the Harris County District Court Clerk for service on Defendant by certified mail to the Texas Secretary of State.  Mann Decl. ¶ 8.

[9] *Id.* ¶ 6.

[10] *See* Notice of Removal.

[11] Hardin Decl. ¶ 8.

[12] *See* Plaintiff's Motion.

3

court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). This, however, raises "significant federalism concerns" because removal effectively "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). As a result, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82. On the other hand, where "the text is unambiguous . . . the rule in *Gasch* does not apply." *Texas Brine Co., L.L.C. v. Am. Arb. Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *Gasch*, 491 F.3d at 281); *see also Encompass Ins. Co. v. Stone Mansion Restaurant*, 902 F.3d 147, 153 n.3 (3d Cir. 2018) (stating that the "general rule" that the removal statute be strictly construed "is 'not sufficient to displace the plain meaning' of the statute.") (quoting *Delalla v. Hanover Ins.*, 660 F.3d 180, 189 (3d Cir. 2011)).

In diversity cases, there is an additional procedural limitation on removal, known as the "forum-defendant rule." The rule provides that

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2). The plain text of § 1441(b)(2) prohibits removal of a diversity action after a forum defendant has been "properly joined and served." The Fifth Circuit, along with other appellate courts, have held that § 1441(b)(2) allows for "removal prior to service on all defendants," also known as "snap removal." *See, e.g.*, *Texas*

*Brine*, 955 F.3d at 485; *Gibbons v. Bristol-Myers Squibb, Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass*, 902 F.3d at 153; *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001). Snap removal allows cases that would otherwise not be removable because they involve one or more forum defendants to be removed to federal court if removal occurs before any forum defendant has been served. *Id.*

As with any statute, in considering the meaning of § 1441(b)(2) the Court "begin[s] with the text of the statute." *United States v. Lauderdale Cnty. Miss.*, 914 F.3d 960, 961 (5th Cir. 2019). "We look for both plain meaning and absurdity." *Texas Brine*, 955 F.3d at 486. "[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, [the Court's] inquiry begins and ends with the plain meaning of that language." *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 438 (5th Cir. 2011).

### III.  DISCUSSION

Whether § 1441(b)(2) allows a forum defendant to remove to federal court an action in which it is the sole defendant prior to being served is an unsettled issue. The Fifth Circuit has not considered the question, and other courts have come to varying conclusions.[13] The Court must consider both the statutory provision's text

---

[13] The Second and Third Circuits have held that an unserved forum defendant can properly remove a case to federal court. *See Gibbons*, 919 F.3d at 705; *Encompass*, 902 F.3d at 153. These courts reasoned that the plain language of § 1441(b)(2) allows a forum defendant "in limited circumstances [to] remove actions filed in state

5

and whether the resulting interpretation leads to an "absurd result" under the procedural circumstances presented.

### A.     Plain Language Analysis of § 1441(b)(2)

The Fifth Circuit recently held the text of § 1441(b)(2) is unambiguous and by its plain meaning allows for snap removal. "By its text . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Texas Brine*, 955 F.3d at 486 (quoting *Gibbons*, 919 F.3d at 705).

The novel question presented in this case is whether § 1441(b)(2) allows for snap removal by a forum defendant when only a single defendant is named. Plaintiff argues that the statute's plain language allows for snap removal only in cases involving multiple defendants. Alternatively, Plaintiff argues that the plain language

---

court on the basis of diversity of citizenship," *Gibbons*, 919 F.3d at 706, and that this result did not "rise[] to the level of the absurd or bizarre," *Encompass*, 902 F.3d at 154. Although informative and persuasive, these opinions are not binding authority on this Court. *See United States v. Penaloza-Carlon*, 842 F.3d 863, 864 & n.1 (5th Cir. 2016).

District courts in California, Kansas, and Pennsylvania have reached the opposite conclusion, holding that a sole forum defendant may not invoke snap removal. *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961 (N.D. Cal. 2015); *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330 (D. Kan. Mar. 27, 2013); *Allen v. GlaxoSmithKline PLC*, No. CIV.A. 07-5045, 2008 WL 2247067 (E.D. Pa. May 30, 2008).

of the statute requires that at least one defendant be served before snap removal is available.

### 1. Does the Plain Language of § 1441(b)(2) Require Multiple Defendants?

Plaintiff argues that the use of the words "joined" and "defendants" in § 1441(b)(2) shows that the statute does not apply in cases involving a single defendant. This line of argument presents several problems for Plaintiff. First, the plain meanings of the words "joined" and "defendants" that appear in § 1441(b)(2) do not limit snap removal to cases with multiple defendants. Second, if § 1441(b)(2) is limited to multi-defendant cases, there would be no prohibition on pre-service removal in single defendant cases such as this.

#### a. "Joined"

Plaintiff argues that § 1441(b)(2)'s use of the word "joined" limits the statute's application to cases with multiple parties. In support of this argument, Plaintiff cites to the district court cases of *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961 (N.D. Cal. 2015), *FTS Int'l Servs., LLC v. Caldwell–Baker Co.*, No. 13–2039–JWL, 2013 WL 1305330 (D. Kan. Mar. 27, 2013), and *Allen v. GlaxoSmithKline PLC*, No. CIV.A. 07-5045, 2008 WL 2247067 (E.D. Pa. May 30, 2008). *Tourigny* and *Allen* reasoned that "[b]ecause the operative phrase is 'joined and served' and not 'named and served' or simply 'served,' the statute contemplates a situation in which one defendant is joined to another defendant, presumably an in-

7

state defendant joined to an out-of-state defendant. The 'joined and served' language therefore can only apply where there are multiple, named defendants." *Tourigny*, 110 F. Supp. 3d at 964 (quoting *Allen*, 2008 WL 2247067, at *5). Similarly, the *FTS* court reasoned that "the use of the word 'joined' contemplates a situation in which one defendant is joined to another defendant, presumably an in-state defendant joined to an out-of-state defendant, suggesting further that the removal is appropriate only when there are multiple, named defendants, such that a single, unserved forum defendant could not remove a case under 1441(b)." 2013 WL 1305330, at *3 (internal citations and quotation marks omitted). The Court is unpersuaded.

The verb "join," and its past tense and present participle forms, are used in various places in the Federal Rules of Civil Procedure and in other authorities to mean formally included in a suit, not that there must be multiple parties of the same category, *i.e.*, plaintiffs or defendants, in a suit. *See, e.g.*, FED. R. CIV. P. 4 Advisory Committee Notes to 1993 Amendments ("[A] summons must be served whenever a person is *joined as a party* against whom a claim is made.") (emphasis added); FED. R. CIV. P. 19(a)(2) Advisory Committee Notes to 1966 Amendments ("[T]he court can make a legally binding adjudication only between the parties *actually joined in*

*the action*.") (emphasis added).[14]  Accordingly, Section 1441(b)(2)'s use of the word "joined" does not limit its application to suits against multiple defendants. Defendants are joined to a lawsuit, not to their co-defendants.  If Congress wished to limit the snap removal exception to only allow for removal by non-forum defendants in multi-defendant cases, it could have done so through clear and simple language like that suggested by the court in *FTS*.  *See* 2013 WL 1305330, at *3 (reading § 1441(b)(2)'s use of "joined" to mean that "removal is appropriate only when there are multiple, named defendants . . ."). Instead, Congress used broad

---

[14]  *See* FED. R. CIV. P. 19(a)(2) ("A person who refuses to *join as a plaintiff* may be made either a defendant or, in a proper case, an involuntary plaintiff.") (emphasis added); *id.* Advisory Committee Notes to 1966 Amendment ("[P]ersons materially interested in the subject of an action . . . should be *joined as parties* so that they may be heard and a complete disposition made") (emphasis added); *id.* ("The subdivision (a) definition of persons to be joined is not couched in terms of the abstract nature of their interests—'joint,' 'united,' 'separable,' or the like."); FED. R. CIV. P. 71.1 ("If a defendant dies, becomes incompetent, or transfers an interest after being joined, the court may, on motion and notice of hearing, order that the proper party be substituted."); *PPL Montana, LLC v. Montana*, 565 U.S. 576, 587 (2012) ("the State *joined the lawsuit*, for the first time seeking rents for [defendant's] riverbed use.") (emphasis added); *Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C.*, 478 U.S. 421, 428 n.3 (1986) ("The New York State Division of Human Rights (State), although *joined as a third- and fourth-party defendant in this action*, realigned itself as a plaintiff.") (emphasis added); *Neveaux v. Central Gulf S. S. Corp.*, 503 F.2d 961, 962 (5th Cir. 1974) ( "the United States Government, which had been *joined by [defendant] as the third party defendant . . .*") (emphasis added); *Ventress v. Radiator Spec. Co.*, 2012 WL 1247205, at *1 (E.D. La. Apr. 13, 2012) ("[subcontractors] are third party defendants *joined to this action via [defendant's] Third Party Complaint*.").

9

unambiguous language which shows no intent to limit the statute's application to multi-defendant cases.

### b. "Parties"

Plaintiff argues that § 1441(b)(2)'s use of the plural noun "parties" indicates that Congress intended for the statute to apply in cases with multiple defendants. Plaintiff asserts that if Congress intended for § 1441(b)(2) to control in cases with one defendant it could have written "party in interest" or "party or parties in interest."

"In determining the meaning of any Act of Congress, unless the context indicates otherwise . . . words importing the plural include the singular." 1 U.S.C. § 1 (the "Dictionary Act"); *see also In re Cell Tower Records Under 18 U.S.C. 2703(D)*, 90 F. Supp. 3d 673, 677 (S.D. Tex. 2015) ("[T]hus the default rule of interpretation is to include both singular and plural, absent a contrary indication in the statute."). The Court finds no indication in § 1441(b)(2) of any Congressional intent to depart from the basic rules of statutory interpretation codified in the Dictionary Act. The Court interprets the plural "parties in interest" to also include the singular "party in interest."[15]

---

[15] Plaintiff also contends here that, in the context of the forum defendant rule, "parties in interest" should exclude the singular because a "defendant could never be properly 'joined' in a case involving a single defendant." Motion at 10. As previously discussed, the Federal Rules of Civil Procedure and binding cases use the phrase "joined" to describe a party's relation to a suit, not a co-party.

### c. Limiting § 1441(b)(2) to Multi-Defendant Cases

Plaintiff argues in its reply that § 1441(b)(2) should apply generally in single and multi-defendant cases, but that the snap removal, *i.e.*, pre-service removal, exception to that statute should only apply in multi-defendant cases.[16]

Plaintiff does not cite any authority for this tortured reading of § 1441(b)(2). Plaintiff would have the Court apply certain parts of the forum-defendant rule to this case, while entirely disregarding an exception grounded in the rule's unambiguous text. *See Texas Brine*, 955 F.3d at 487. Plaintiff's proposed construction adds needless complexity and case-specific inquiry to a statute that was meant to be an easily-administrable "bright-line rule keyed on service." *Id.* at 486 (quoting *Gibbons*, 919 F.3d at 706). As previously discussed, the words used in § 1441(b)(2) do not evidence congressional intent to limit certain parts of the statute to multi-defendant cases.

### 2. Does the Plain Language of § 1441(b)(2) Require Service Before Removal?

Plaintiff argues that the "snap removal" exception to the forum defendant rule does not apply in circumstances where no defendant has yet been served. Plaintiff acknowledges that § 1441(b)(2) does not expressly require service on at least one defendant prior to removal, but maintains that the language "any of the parties in

---

[16] *See* Plaintiff's Reply at 4-5.

11

interest properly joined and served" implies a requirement that at least one party have been served prior to removal.

The Fifth Circuit's holding in *Delgado v. Shell Oil Company* makes clear that "service of process is not an absolute prerequisite to removal." 231 F.3d 165, 177 (5th Cir. 2000). The *Delgado* court explained:

> Section 1446(b)[17] expressly provides for removal of a civil action or proceeding within thirty days after the receipt by the defendant, "through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable." We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.

---

[17] Removal based on diversity of citizenship (including snap removal) "shall be made in accordance with section 1446 of this title . . ." 28 U.S.C. § 1441(e)(1).

*Id.*[18] Service accordingly is not a condition precedent to removal and Plaintiff's argument to the contrary is rejected.[19] The Court holds that the plain language of § 1441(b)(2) allows defendants that have not been served with process to remove from courts of their home states suits in which they are the sole defendants.

Plaintiff claims the issue here is different from that addressed in *Delgado*, arguing that even if service is not normally an absolute prerequisite to removal, § 1441(b)(2)'s use of the phrase "*any of* the parties in interest properly joined and served" requires that at least one defendant have been served before removal.[20] Plaintiff argues that the phrase "any of" is surplusage if the statute in fact applies where no defendant has been served.[21] The Court is not persuaded.

---

[18] Plaintiff relies on *Recognition Communication, Inc. v. American Automotive Association, Inc.*, No. 3:97-CV-0945-P, 1998 WL 119528, at *3 (N.D. Tex. Mar. 5, 1998) to argue that service on at least one defendant is a prerequisite to removal. The *Recognition Communication* court remanded the action "because none of the [three non-forum defendants or the one forum defendant] had been served by Plaintiff at the time of removal." Reliance on this non-precedential ruling, which preceded the Circuit's *Delgado* decision, is unavailing. There was no holding that service was a prerequisite to removal. Rather, the court relied on the fact that the forum defendant did not join the notice of removal, stating that "[s]ince no Defendant had been served or entered a voluntary appearance . . . all of the Defendants should have participated in the Notice of Removal." *Id.* at *3 n.3.

[19] *Delgado* requires that "an action be commenced against a defendant before removal, but not that the defendant have been served." 231 F.3d at 177. Under Texas law, an action has commenced when a petition is filed. *See* TEX. R. CIV. P. 22.

[20] Plaintiff's Motion at 12; Plaintiff's Reply at 8.

[21] *Id.*

13

The Fifth Circuit has held "service of process is not an absolute prerequisite to removal." *Delgado*, 213 F.3d at 177. Plaintiff nevertheless asks the Court to hold that service *is* required for removal in certain instances. The decisions cited by Plaintiff in support of this argument are not dispositive. They are by courts outside the Fifth Circuit, pre-date *Delgado*, and/or focus on other issues.[22] Moreover, reading § 1441(b)(2) to allow for removal prior to service does not render the phrase "any of" as surplusage. The phrase "any of" addresses the possibility that more than one defendant has been joined and served, but does not require it.

In summary, § 1441(b)(2) was meant to be a bright-line rule keyed on whether a forum defendant has been served. *See Texas Brine*, 955 F.3d at 486. Plaintiff offers no persuasive authority why the Court should depart from *Delgado* and the plain text of the statute in order to add a layer of complexity to this statute by limiting its application to instances in which a non-forum defendant has already been served.

---

[22] As discussed, *Recognition Communication*, 1998 WL 119528, was decided two years before *Delgado* and turned on the court's belief that all defendants needed to have joined in the removal. Plaintiff argues that *Davis v. Cash*, No. CIV. 3:01-CV-1037-H, 2001 WL 1149355 (N.D. Tex. Sept. 27, 2001), decided after *Delgado* shows that service may be a prerequisite to removal in certain circumstance. This argument misses the mark. In *Davis*, the district court held that removal by an unserved defendant was proper because that defendant entered an appearance by filing an answer in state court. *Id.* at *1.

Plaintiff also cites *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011), and *Holmstrom v. Harad*, No. 05–C–2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005), both of which relied on *Recognition Communication* and are out-of-circuit district court decisions not binding on this Court.

### B. "Absurd Result" Analysis

Having concluded that the plain language of § 1441(b)(2) allows snap removal by a forum defendant in a single defendant case, the Court turns to whether this interpretation is absurd.

"In statutory interpretation, an absurdity is not mere oddity. The absurdity bar is high, as it should be. The result must be preposterous, one that 'no reasonable person could intend.'" *Texas Brine*, 955 F.3d at 486 (quoting Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 237 (2012)) ("Scalia & Garner"). "[A] 'drafter's failure to appreciate the effect of certain provisions . . . by itself does not constitute an absurdity." *Id.* (quoting Scalia & Garner, at 238).

The Fifth Circuit recently held that applying § 1441(b)(2) to allow snap removal by a non-forum defendant was "at least rational" and was not an absurd result. *Texas Brine*, 955 F.3d at 486. Although the Fifth Circuit explained that diversity jurisdiction and removal "exist to protect out-of-state defendants from in-state prejudices" and it was "[o]f some importance that the removing party [was] not a forum defendant," the Fifth Circuit relied on cases allowing for snap removal by a forum defendant, including a case in which the removing party was the sole defendant. *Texas Brine*, 955 F.3d at 486 (citing *Encompass*, 902 F.3d at 153); *see also Gibbons*, 919 F.3d at 706. The Fifth Circuit referenced with approval the Third

Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case "gives meaning to each word and abides by the plain language." *Texas Brine*, 955 F.3d at 486-87 (citing *Encompass*, 902 F.3d at 153).

The plain language of § 1441(b)(2) allows for removal of suits involving a single defendant who is a resident of the forum state and such construction is not an absurd result. This application "provide[s] a bright-line rule keyed on service" and is not a result that "no reasonable person could intend." *Texas Brine*, 955 F.3d at 486 (quoting *Gibbons*, 919 F.3d at 706, then Scalia & Garner, at 237). The doctrine that courts must "strictly construe the removal statute and favor remand" does not counsel remand in the circumstances at bar because the statute's unambiguous text dictates a different result. *See Texas Brine*, 955 F.3d at 486 (citing *Gasch*, 491 F.3d at 281-82).

## IV. CONCLUSION

The plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court. Construing § 1441(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant it is the only named defendant, is not an absurd result. It is therefore

16

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 15] is **DENIED**.  It is further

**ORDERED** that the parties through counsel must appear at the initial pretrial conference previously set for **July 14, 2020, at 10:30 am**.  The conference will be held by telephone.  Counsel must call 713-250-5290; Conference ID: 45601#; PIN: 13579#.

SIGNED at Houston, Texas, this 13th day of **July, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE